IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLOWE & COMPANY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MALLORY GRAUER,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

COMES NOW Plaintiff Marlowe & Company, LLC (hereinafter "Marlowe" or the "Company") and for its claims against the Defendant Mallory Grauer (hereinafter "Grauer"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Marlowe is a limited liability company organized and existing under the laws of Washington, D.C., with its principal place of business in Washington, D.C.

2. Defendant Mallory Grauer is a resident of the State of Maryland, residing at 11101 Georgia Avenue, Unit 533, Wheaton, Maryland, 20902.

3. Jurisdiction of this Court is founded upon 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiff Marlowe's claims occurred in Washington, D.C., which is within this judicial district.

266971.1

2

**STATEMENT OF FACTS**

5. On or about August 18, 2008, Plaintiff Marlowe retained Defendant Grauer as an employee.

6. When she was hired, Defendant Grauer signed an Offer Letter, a Confidentiality Policy, and a Non-Compete Agreement that collectively comprised her valid, binding and enforceable Employment Agreement.

7. The Confidentiality Policy included a Non-Disclosure Agreement, which required that Defendant Grauer would not, at any time, disclose to anyone, lecture upon or publish any Confidential Information or Trade Secrets of the Company for her own benefit or for the benefit of third parties.

8. The Confidentiality Policy required, among other things, that upon termination of her employment, Defendant Grauer would promptly deliver to the Company any and all records, files, memoranda, notes, designs, data, reports, price lists, drawings, plans, specifications, computer programs, software, software documentation, storage media, and other documented information belonging to the Company, concerning the business of the Company, and its affiliates or clients, or containing or reflecting Confidential Information or Trade Secrets.

9. The Confidentiality Policy also expressly stated that Defendant Grauer's breach of the contractual duties identified in the preceding paragraphs would cause Plaintiff Marlow irreparable harm for which remedies at law would be inadequate, specifically stated that, in addition to other remedies that may be available to it, Plaintiff Marlow would be entitled to equitable relief by way of injunction, specific performance or otherwise, and made it clear that the Confidentiality Provision would survive the termination of Defendant Grauer's employment with the Company.

10. Defendant Grauer, as a certified grant writer®, directed the Grants Department at Plaintiff Marlowe.

11. Defendant Grauer's duties included, but were not limited to, supervising a team of grant researches, coordinating meetings and conference calls with federal agencies, communicating with clients, monitoring daily all federal grant postings and funding availability announcements, maintaining the Company's grant presence on the Company's grant database, maintaining an extensive offline database of past grant opportunities, and drafting grant applications, program descriptions, grant proposal narratives, completing grant application forms, and preparing program budgets for grant applications.

12. While still employed with Plaintiff Marlowe, Defendant Grauer participated in acts directly adverse to the Company, including, but not limited to, destroying Company Confidential Information.

13. On or about January 20, 2014, Plaintiff Marlowe discovered that Defendant Grauer had removed from Plaintiff Marlow's office Confidential Information and Trade Secrets, including, but not limited to, specialized client information, grant report methodology information, and other Confidential Information and Trade Secrets.

14. On the morning of January 22, 2014, Howard Marlowe, President of Plaintiff Marlowe confronted Defendant Grauer regarding her removal and diversion of Plaintiff Marlowe's Confidential Information and Trade Secrets and requested that she immediately return Plaintiff Marlowe's Confidential Information and Trade Secrets to the Company's office.

15. Defendant Grauer refused to return Plaintiff Marlowe's Confidential Information and Trade Secrets to the Company's office as requested.

16.     On January 22, 2014, Plaintiff Marlowe terminated Defendant Grauer's employment at the Company.

17.     Also on January 23, 2014, Plaintiff Marlowe, through correspondence from its counsel, again requested that Defendant Grauer return the misappropriated Confidential Information and Trade Secrets to the Company's office.

18.     Defendant Grauer promptly acknowledged receipt of the January 23rd letter sent to her personal email address by Plaintiff Marlowe's counsel but expressed confusion over what Confidential Information and Trade Secrets she had removed from the Company's office.

19.     Defendant Grauer refused to return the misappropriated Confidential Information and Trade Secrets to Plaintiff Marlowe as requested by the close of business on January 24, 2014.

20.     Defendant Grauer has failed to return the misappropriated Confidential Information and Trade Secrets to Plaintiff Marlowe through the date of the filing of this Complaint.

## **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

21.     Plaintiff Marlowe incorporates all preceding paragraphs as if fully restated.

22.     Defendant Grauer materially breached her Employment Agreement by, among other things, removing and misappropriating Plaintiff Marlowe's Confidential Information and Trade Secrets for her own personal benefit.

23.      Defendant Grauer further materially breached her Employment Agreement by refusing to return with Plaintiff Marlowe's Confidential Information and Trade Secrets as requested.

24. Plaintiff Marlowe has suffered, and continues to suffer, damages as a direct and proximate result of Defendant Grauer's material breaches of the Employment Agreement because, among other things, the misappropriated Confidential Information and Trade Secrets impede Plaintiff Marlowe's ability to service the Company's existing clients and perform its grant work.

## SECOND CAUSE OF ACTION – VIOLATION OF THE DISTRICT OF COLUMBIA UNIFORM TRADE SECRETS ACT

25. Plaintiff Marlowe incorporates all preceding paragraphs as if fully restated.

26. Defendant Grauer willfully and maliciously misappropriated Plaintiff Marlowe's Trade Secrets including, but not limited to, its specialized customer data and grant reporting methodology information, for her own personal use.

27. Defendant Grauer has refused to return the misappropriated Trade Secrets despite demands from Plaintiff Marlowe that she do so.

28. Plaintiff Marlowe has suffered, and continues to suffer, damages as a direct and proximate result of Defendant Grauer's misappropriation of its Trade Secrets.

29. Defendant Grauer has violated the 2011 District of Columbia Uniform Trade Secrets Act, D.C. Code, §§ 36-401 – 36-410, by misappropriating Plaintiff Marlowe's Trade Secrets.

## THIRD CAUSE OF ACTION – CONVERSION

30. Plaintiff Marlowe incorporates all preceding paragraphs as if fully restated.

31. Defendant Grauer has wrongfully detained, assumed control, exercised dominion over and therefore converted Plaintiff Marlowe's property and assets, including, but not limited to, the Company's Confidential Information and Trade Secrets.

32. Defendant Grauer's wrongful conduct was, and continues to be, without authorization, consent or justification.

33. Plaintiff Marlowe has requested that Defendant Grauer return the misappropriated property and assets, including, but not limited to, the Company's Confidential Information and Trade Secrets.

34. Defendant Grauer has refused to return Plaintiff Marlowe's misappropriated property and assets, including, but not limited to, the Company's Confidential Information and Trade Secrets.

35. Defendant Grauer's conversion of Plaintiff Marlowe's property and assets, including, but not limited to, the Company's Confidential Information and Trade Secrets, has directly and proximately caused, and is continuing to directly and proximately cause, Plaintiff Marlowe to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marlowe prays that this Court enter (a) an injunction against Defendant Grauer prohibiting her from violating Plaintiff Marlowe's contractual and other rights, by, among other things, misappropriating Plaintiff Marlowe's property and assets, including, but not limited to, the Company's Confidential Information and Trade Secrets, and take affirmative actions to preserve and protect the Company's Confidential Information and Trade Secrets and (b) a judgment against Defendant Grauer for actual and exemplary damages and unjust enrichment, plus costs, interest and attorney fees in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, together with any other relief which this Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Marlowe requests a trial by jury on all matters so triable.

Respectfully submitted,

Dated: January 28, 2014

/s/ John T. Bergin
John T. Bergin (448975)
Lawrence M. Prosen (457703)
THOMPSON HINE LLP
1919 M. Street, N.W., Suite 700
Washington, D.C. 20036-1600
Phone:  (202) 331-8800
Fax:  (202) 331-8330
Email:  John.Bergin@ThompsonHine.com
Lawrence.Prosen@ThompsonHine.com